Paul S. CARTER, Plaintiff
vs.
CITY OF BOSTON, et al, Defendants

No. 81-1850-C

United States District Court
Commonwealth of Massachusetts

February 17, 1982

Hans R. Hailey, Esq., counsel for plaintiff.

Isaac Braddock, Esq., counsel for defendant.

Frank J. McGee, Esq., counsel for Albert LaFontaine.

John L. Keefe, Esq., counsel for John Ulrich.

## ORDER

**Caffrey, Ch. J.** In accordance with memorandum filed this date, it is. ORDERED:

Plaintiff Paul Carter's complaint is dismissed with respect to all defendants for failure to state a federal cause of action.

**Andrew A. Caffrey, Ch. J.**

## MEMORANDUM

**Caffrey, Ch. J.** Plaintiff Paul Carter brought this action under 42 U.S.C. § 1983 against two Boston police officers, their one-time supervisor, the Boston Police Department, and the City of Boston. Plaintiff alleges, and the defendants do not contest, that on or about May 28, 1980, Boston Police Officers John Ulrich and Albert LaFontaine, proceeding under a lawfully-issued warrant, seized from plaintiff's residence about $30,000 worth of "precious articles." Plaintiff was subsequently charged under state law with receiving stolen goods, and some or all of the items which were seized from his residence were introduced as evidence during plaintiff's trial on March 26, 1981. At the end of this trial plaintiff was acquitted of the charges brought against him. He claims, however, that the articles which had been seized from his residence have not been returned to him.

Plaintiff claims that he has been deprived of this property by some or all of the defendants acting under color of state law. He alleges that defendants denied him his constitutional right to due process of law, and that this deprivation is sufficient to allow him to file suit in this court against these defendants under 42 U.S.C. § 1983. Each defendant has responded to plaintiff's complaint with an answer, motions for summary disposition of the complaint by the Court, or both. The parties presented oral arguments to the Court on all pending motions on January 29, 1982. After considering these arguments and those submitted in writing by the parties in support of their respective positions, I rule that plaintiff's complaint fails to state a federal cause of action under § 1983, and therefore should be dismissed as to all defendants.

This ruling is compelled by the holding of a recent Supreme Court decision, **Parratt v. Taylor,** U.S. 101 S.Ct. 1908 (1981), as applied to the facts of this case viewed in a light most favorable to the plaintiff. The plaintiff in **Parratt** was an inmate in a Nebraska State penal institution who fil-

ed suit in federal court against prison officials under § 1983 to recover damages for loss of about $23.00 worth of "hobby materials" that he had sent away for and which had been lost before reaching him, after being signed for and received by the appellant prison officials. **Id.** at 1910. While recognizing that loss by the prison officials of the plaintiff's hobby materials was in all likelihood a "deprivation of property," the Court ruled that it would not be a deprivation sufficient to constitute an actionable deprivation of his constitutional rights under § 1983 unless the deprivation was executed without due process of law, in violation of the Fourteenth Amendment of the United States Constitution. **Id.** at 1913-14. The Court noted that in situations similar to the one before it, where the state could not possibly satisfy due process requirement by providing a predeprivational adjudication of the legality of the deprivation, a post-deprivational procedure could be utilized by the state to satisfy the due process requirement. **Id.** at 1915-16. After identifying that the state of Nebraska "provides a (postdeprivational) remedy to persons who believe they have suffered a tortious loss at the hands of the State," **Id.** at 1917, the Court ruled that this postdeprivational procedure adequately protected the respondent's right to due process of law despite the fact that the state remedies in part were narrower than those provided by § 1983. **Id.** In light of the plaintiff's failure to have pursued the state remedy before filing his § 1983 action in federal court, the Court ruled that the respondent had not been deprived of his right to due process of law, and reversed the district court's grant of summary judgment to the plaintiff—a ruling which had been affirmed **per curiam** by the Eighth Circuit Court of Appeals. **Id.**

The **Parratt** decision was recently applied by the Court of Appeals for the First Circuit in **Fiallo v. Batista,** F.2d, Slip Op. No. 80-1642 (Dec. 17, 1981) (1st Cir. 1981), a case in which the appellant, a prisoner in a Puerto Rican penal institution, claimed, **inter alia,** that the loss of $2,800.00 worth of his photographic equipment by prison officials provided him with a legitimate federal cause of action against the prison officials. Applying **Parratt,** the Court of Appeals noted that the appellant had not pursued a Puerto Rican postdeprivational remedy which authorizes individuals to bring damage action against Puerto Rico for the recovery of up to $15,000 for the tortious acts of public officials committed while acting within the scope of their duty. Slip Op. at 7-8. Stating that "(s)uch a damage action 'could have fully compensated the respondent for the property loss he suffered'(,) **Parratt v. Taylor, supra** 49 U.S.L.W. at 4513," the Court ruled that "the complaint does not set forth a federal claim." Slip Op. at 8.

Addressing the facts of the case before this Court, it is clear that even if the city and its employees were responsible for the loss of plaintiff's property, Massachusetts law provides a postdeprivational procedure through which the plaintiff may pursue up to $100,000 of his tort claims against the City of Boston as a "public employer." M.G.L.c. 258 §§ 1, 2. Plaintiff, who has not availed himself of this procedure, argues that this law does not provide him with an adequate remedy because, in his judgment, § 10(d) of c. 258, which has not yet been fully interpreted by the Massachusetts courts, is likely to be interpreted as exempting the City of Boston from liability to plaintiff. Whether of not plaintiff is correct in his predictions is for the state courts, and not a federal court, to decide. Under **Parratt,** those in the position of plaintiff must first look to state postdeprivational procedures before they can claim in federal courts under § 1983 that they have been deprived of their constitutional right to due process of law. Should the state courts determine that the City of Boston is indeed exempt from liability to plaintiff under c. 258, § 10(d), it is an open question whether or not plaintiff then would have sufficient grounds for a cause of action in

federal court under § 1983. Nevertheless, it is a question that need not be answered at this time.

I therefore rule that plaintiff's complaint fails to state a federal cause of action against any of the defendants, and therefore should be dismissed.

Order accordingly.

Andrew A. Caffrey, Ch. J.